```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARGARET ZELAWSKA,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-5114(JS)(GRB)

LUFTHANSA GERMAN AIRLINES,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Margaret Zelawska, pro se
                    2169 Cropsey Avenue
                    Brooklyn, NY 11214

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On September 6, 2013, pro se plaintiff Margaret Zelawska ("Plaintiff") filed a Complaint against Lufthansa German Airlines ("Defendant" or "Lufthansa"). Plaintiff's Complaint was accompanied by an application to proceed in forma pauperis. Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, because Plaintiff does not meet the requirements for diversity jurisdiction, or allege a federal cause of action, the Complaint is sua sponte DISMISSED for lack of subject matter jurisdiction.

BACKGROUND[1]

Plaintiff's brief Complaint alleges the following in its entirety:

> On August 4th, 2011 I was to fly Lufthansa airlines from Katowice, Poland to Frankfurt Germany, and from there to New York, USA. However the clerk at the embarking airport in Katowice, already gone off his Lufthansa customs station, refused to come back and let me through the customs claiming I was late. This was not true. I came to Lufthansa station at 5:40 AM (according to the Lufthansa agreement the latest time I might go through the customs would be 5:55 AM - 30 minutes prior to taking off, which was scheduled at 6:25 AM (Lufthansa airline in the letter answering my complaint, for unknown to me reasons, changed the departure time to 6:20 AM). Because the airline agent did not agree to take care of me despite his coworkers telephone appeals, to fly out of Poland I had to make ticket reservation for another day and pay a difference of $417.00 plus the transportation expenses to and from the airport.

(Compl. at 1-2.)[2] Plaintiff alleges that this Court's jurisdiction "is invoked on the grounds that the action of the Lufthansa agent was against the consumer rights." (Id. at 1.) For relief, Plaintiff "would like the Lufthansa Airlines to reimburse me with $517.00 for the costs I had because of the negligent conduct of the airline agent." (Id. at 2.)

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

[2] Plaintiff's claim is reproduced here exactly as it appears in the Complaint.

DISCUSSION

I. Application to Proceed In Forma Pauperis

Upon review of the declaration in support of Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies her to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). As such, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Federal jurisdiction only exists when a "federal question" is presented, that is a civil action "arising under the Constitution, laws, or treaties of the United States," see 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332. Lack of subject matter jurisdiction may not be waived, Gonzalez v. Thaler, --- U.S. ----, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012), and "may be raised at any time by a party or by the court sua sponte." Lyndonville, 211 F.3d at 700. There is

an independent obligation for a federal court to "determine whether subject matter-jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (internal citation omitted). "If subject matter jurisdiction is lacking, the action must be dismissed." Lydonville, 211 F. 3d at 700-01; see also FED. R. CIV. P. 12(h)(3).

Here, Plaintiff alleges only that the Court's jurisdiction "is invoked on the ground that the action of the Lufthansa agent was against the consumer rights." (Compl. at 1.) Even given a liberal construction, Plaintiff's Complaint does not allege a federal claim such that the Court's federal question subject matter jurisdiction may be invoked. Plaintiff does not reference the Constitution, any federal statute, or any United States treaty anywhere in the Complaint, and Plaintiff's allegations do not support a colorable federal claim. Rather, her negligence claim arises under state tort law. Thus, Plaintiff does not allege a federal question sufficient to invoke this Court's subject matter jurisdiction under 28 U.S.C. § 1331.

Nor can this Court's subject matter jurisdiction be founded on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff indicates on the Civil Cover Sheet accompanying the Complaint that she is a New York citizen residing in Brooklyn, New York. (Compl. at 3.) For the purposes of diversity jurisdiction,

a corporation such as the Defendant is a citizen of the state of its incorporation and the state in which its principal place of business is located.  28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77, 80, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).  Here, Plaintiff does not allege Defendant's principal place of business or state of incorporation, other than to include an East Meadow, New York address for Defendant when listing the parties to the action.  (Compl. at 1.)  Thus, Plaintiff has not alleged diversity of citizenship in satisfaction of 28 U.S.C. 1332's requirements.

Even if the parties were diverse, however, the amount in controversy is only $517.00.  Given that the amount in controversy is far below $75,000, this prong of Section 1332 is not satisfied. See 28 U.S.C. § 1332(a).  Accordingly, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim under § 1332. Given that this Court lacks subject matter jurisdiction, Plaintiff's Complaint is DISMISSED.

III. Leave to Amend

A pro se Complaint should not be dismissed without leave to amend unless amendment would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  The Court has carefully considered whether leave to amend is warranted here. Upon such consideration, the Court finds that the deficiencies noted above are substantive in nature and could not be remedied if Plaintiff were afforded an

6

opportunity to amend her Complaint. As such, leave to amend the Complaint is DENIED.

## CONCLUSION

Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff's Complaint is sua sponte DISMISSED for lack of subject matter jurisdiction. The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff and to mark this matter CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  5 , 2013
       Central Islip, New York